IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NIKKI J. HERNANDEZ,<br><br>      Plaintiff,<br><br>vs.<br><br>ANDREW M. SAUL, Acting Commissioner of Social Security;<br><br>      Defendant. | **8:18CV274**<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the Court on the plaintiff's Motion for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, Filing No. 23, and her motion for attorney fees under 42 U.S.C. § 406(b), Filing No. 26. The plaintiff requests attorney fees under the EAJA in the amount of $2,441.52, representing 11 hours of work at the rate of $201.60 per hour for work performed in 2018 and 1.1 hours of worked in the amount of $203.56 per hour for work performed in for 2019. The plaintiff also seeks a payment of $6,000.00 under 42 U.S.C. § 406(b)(1).

**I. FACTS**

      This is an action for judicial review of a final decision of the Commissioner of the Social Security Administration denying the plaintiff's application for Social Security Disability ("Disability") and Supplemental Security Income ("SSI") benefits under pursuant 42 U.S.C. §405(g). The Court reversed the Commissioner's decision. Filing Nos. 21 and 22, Memorandum and Order and Judgment. The Court found the Administrative Law

1

Judge had erred by failing to properly assess the weight of the treating or consulting physician opinions, and he failed to properly evaluate and give appropriate hypothetical questions to the vocational expert. Filing No. 21, Memorandum and Order.

In support of her motion, the plaintiff has shown that plaintiff and attorneys entered into a fee agreement providing for a contingency fee of twenty-five percent of back benefits and assigning that award to plaintiff's counsel. Filing No. 26-1, Ex. A, Fee Agreement. On June 17, 2019, plaintiff's counsel received a notice that $29,191.90 was due to plaintiff from February 2015-May 2019, payable in up to 3 installments, six months apart. Filing No. 26-2. Plaintiff's counsel has requested $6,000 for work performed before the Social Security Administration pursuant to 42 U.S.C. § 406(a). Counsel agrees, if the request for fees is granted, to refund to the claimant the amount of the smaller of the EAJA fee or the 42 U.S.C. §406(b) fee under the Equal Access to Justice Act.

The plaintiff requests that Social Security should direct both fee awards to who will provide the lesser of the 406(b) fee and the EAJA fee to Ms. Hernandez and then disburse the amount to Mr. Wes Kappelman, of Kappelman Law Firm owed per the fee agreement. Defendant has no objection to the EAJA request or to the Court making payment directly to plaintiff's counsel, and it takes no position on the reasonableness of the plaintiff's request for fees under § 406(b).

**II. LAW**

The EAJA provides for the award of attorney fees if: (1) the person is a prevailing party; (2) the individual's net worth did not exceed two million dollars at the time the civil action was filed; and (3) the fees and expenses were "incurred by that party in [the] civil action" in which it prevailed. 28 U.S.C. § 2412(d)(1)(A)-(2)(B); *United States Sec. & Exch.*

2

*Comm'n v. Zahareas*, 374 F.3d 624, 630 (8th Cir. 2004). Courts called upon to interpret the EAJA should endeavor to interpret the fee statute in light of its purpose, which is to "eliminate for the average person the financial disincentive to challenge unreasonable governmental actions." *Astrue v. Ratliff*, 560 U.S. 586, 2530 (2010) (Sotomayor, J., concurring).

A prevailing Social Security claimant may recover fees under the EAJA if the Commissioner's position was not substantially justified. *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005). The burden of establishing that the position of the United States was substantially justified "must be shouldered by the Government." *Scarborough v. Principi*, 541 U.S. 401, 414 (2004). To establish substantial justification, the Commissioner must show that the denial of benefits had "a reasonable basis in law and fact." *Goad*, 398 F.3d at 1025 (citing *Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir. 1987)). Where "an EAJA petitioner presents uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the amount specified in the EAJA], enhanced fees should be awarded." *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir.1990); *see* 28 U.S.C. § 2412(d)(2)(A)(ii).

The plaintiff herself is the "prevailing party" contemplated by the EAJA. *See Astrue v. Ratliff*, 560 U.S. 586, 591–94 (2010). However, lower courts, including those in this district, have continued to order payment of awards directly to a plaintiff's attorney, subject to offset for pre-existing debt to the Federal Government, where a valid assignment of the award of attorney's fees from the plaintiff to plaintiff's counsel is in effect. *See Matthews– Sheets v. Astrue*, 653 F.3d 560, 565 (7th Cir. 2011), overruled on other grounds by *Sprinkle v. Colvin*, 777 F.3d 421, 427-28 (7th Cir. 2015); *Alexander v. Colvin*, No.

4:14CV3194, 2015 WL 5536729, at *2 (D. Neb. Sept. 18, 2015); *Gors v. Colvin*, Civ. No. 12–4162, 2013 WL 960230, at *3 (D.S.D. March 12, 2015) ("Post-Ratliff the approach of most courts has been to honor [client assignments of EAJA fees to attorneys] in the absence of the litigant's pre-existing debt to the United States").

Plaintiff also seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of twenty-five percent of plaintiff's past-due benefit award. The Social Security Act authorizes a federal district court to award attorney fees for representation before the court under 42 U.S.C. § 406(b). Congress enacted § 406(b) to "protect claimants against inordinately large fees and also to ensure that attorneys representing successful claimants would not risk nonpayment of [appropriate] fees." *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002) (internal quotation marks omitted). Fees under § 406(b) satisfy a client's obligation to counsel and, therefore, attorney fees are withheld by the Commissioner and paid directly to the attorney out of past-due benefits awarded. 42 U.S.C. § 406(b); 20 C.F.R. § 404.1720(b)(4) (2011).

"[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 807. However, a contingency-fee agreement that provides for fees in excess of the boundary imposed by Congress, twenty-five percent of past-due benefits, is per se unreasonable. *See id.*; 42 U.S.C. § 406(b)(1)(A). If the contingency-fee agreement is at or below the twenty-five percent boundary, the attorney for the successful claimant must establish that the fee sought is reasonable in proportion to the services rendered. *Gisbrecht*, 535 U.S. at 807.

4

District courts are responsible for conducting an "independent check" to ensure the fee award is reasonable. *Id.* A court should determine whether a downward adjustment of an attorney's recovery is appropriate based on the character of the representation and the results the attorney achieved. *Id.* at 808. To avoid a windfall to a successful claimant's attorney, the court should make a downward adjustment if the award of benefits is large in comparison to the amount of time counsel spent on the case. *Id.*; *Rodriquez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989) ("Where a case has been submitted on boilerplate pleadings, in which no issues of material fact are present and where no legal research is apparent, the benchmark twenty-five percent of awards fee would obviously be inappropriate"). Courts may also reduce an award in situations "occasioned by improper conduct or ineffectiveness of counsel," such as where an attorney delays a case to increase the attorney's share of "past-due" benefits. *Rodriquez*, 865 F.2d at 746; *Gisbrecht*, 535 U.S. at 808.

Courts may award attorney fees to prevailing claimants and their attorneys under both the EAJA and § 406(b); however, a double recovery is not permitted. *Gisbrecht*, 535 U.S. at 796. "EAJA fees and fees available under § 406 are two different kinds of fees that must be separately awarded." *Frazier v. Apfel*, 240 F.3d 1284, 1286 (10th Cir. 2001). When both awards are granted, the attorney must refund the lesser award to the client. *Id.*

**III. DISCUSSION**

The Court first finds that the plaintiff is a "prevailing party" within the meaning of the EAJA. The defendant has not shown that its position was "substantially justified" and there are no special circumstances that make an award of fees unjust. Further, the

plaintiff's counsel's devotion of 21 hours of work to this case was reasonable and hourly rates ranging from $200 to $202 per hour, which is supported by uncontested proof of increases in the cost of living, is a reasonable fee for work of this nature in this community. Similarly, the Court has conducted an independent review of the fee arrangement and finds the fee requested under § 406(b) satisfies the statutory requirement of yielding a "reasonable" result in this particular case, in light of the character of the representation and the results achieved. Accordingly, the Court will award $2,441.52 to the plaintiff under the EAJA and $6,000.00 to the plaintiff under 42 U.S.C. § 406(b)(1).

The Court finds that the award of attorney fees should be paid directly to the plaintiff's counsel. There has been no suggestion of any pre-litigation debts owed by the plaintiff to the federal government whose collection would be unfairly circumvented by paying the fees directly to the plaintiff's attorney.

**THEREFORE, IT IS ORDERED THAT:**

1. Plaintiff's motion for attorney fees under the EAJA (Filing No. 23) in the amount of $2,441.52 is granted. The Social Security Administration is ordered to pay this amount, subject to any offset to satisfy any pre-existing debt that the litigant may owe the United States. Such amount shall be delivered to Kappelman Law Firm.

2. Plaintiff's motion for attorney fees under 42 U.S.C. § 406(b) (Filing No. 26) in the amount of $6,000.00 is granted. The Social Security Administration is ordered to pay this amount, to subject to any offset to satisfy any pre-existing debt that the litigant may owe the United States. Such amount shall be delivered to Kappelman Law Firm.

3. Plaintiff's counsel is entitled to an award in attorney's fees under 42 U.S.C. § 406(b) in the amount of $6,000.00, and counsel will provide the EAJA award check directly to Ms. Hernandez should the EAJA award be smaller than the § 406(b) fee award.

Dated this 3rd day of October, 2019.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge